IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDY RUEGG** <br> 15663 Marshallville Street <br> Canal Fulton, Ohio 44614 <br><br> *Plaintiff,* <br><br> v. <br><br> **THE J.M. SMUCKER COMPANY** <br> One Strawberry Lane <br> Orville, Ohio 44667 <br><br> **ALSO SERVE AT:** <br> c/o CT Corporation System, <br> It's Statutory Agent <br> 4400 Easton Commons Way <br> Suite 125 <br> Columbus, Ohio 43219 <br><br> *Defendant.* | § § § § § § § § § § § § § § § § § § § § § § | **CASE NO.:** <br><br> **JUDGE:** <br><br> **COMPLAINT** <br><br> **(JURY DEMAND ENDORSED HEREON)** |

Plaintiff, Andy Ruegg, by and through counsel, does hereby complain and allege against Defendant, The J.M. Smucker Company, as follows:

## INTRODUCTION

1. Plaintiff, Andy Ruegg (hereinafter "Plaintiff" or "Ruegg") brings this action pursuant to Title VII of the Civil Rights Act of 1964 and Chapter 4112 of the Ohio Revised Code, alleging that Defendant, The J.M. Smucker Company ("Defendant" or "Smucker"), failed to accommodate his sincerely held religious beliefs, and terminated his employment due to the conflict between Defendant's COVID-19 vaccine requirement and Ruegg's sincerely held religious beliefs.

2. Defendant made no effort to accommodate Mr. Ruegg's sincerely held religious beliefs, but rather issued a rote denial of accommodation while pretending to have engaged in the requisite particularized, interactive process for assessing Mr. Ruegg's exemption request.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is an individual who resides within this judicial District and Division.

4. Upon information and belief, Defendant is a corporation with its principal place of business located within this judicial District and Division.

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5 (f)(3).

6. Venue is proper under 28 U.S.C. § 1391(b) because the events complained of occurred in this District and Division.

## FACTUAL BACKGROUND

7. Ruegg was hired by Smucker as an airplane mechanic on March 3, 2014.

8. Ruegg is a practicing devout Catholic who has attended and been a member of Saint Barbara's Church in Massillon, Ohio, his entire life.

9. When the COVID-19 vaccines became available, it was widely publicized that they were developed using fetal cells lines from aborted fetuses. Upon learning this, Mr. Ruegg reached out to his local church for guidance, who referred him to the Diocese of Youngstown, which provided guidance from the National Catholic Bioethics Center ("Guidance"); the Guidance counseled each Catholic to make his or her own "informed and sure judgment in conscience." A true and accurate copy of the Guidance which Mr. Ruegg consulted is attached hereto as **Exhibit 1.**

10. As a devout Catholic who believes that life begins at conception, Ruegg could not in good conscious receive a vaccine which he knew was created through the exploitation of the taking of innocent life.

11. On September 10, 2021, Smucker set forth its vaccine expectation that all employees would be vaccinated against COVID-19

12. On September 21, 2021, Smucker clarified the expectation and set a target date for all salaried employees to be vaccinated (hourly employees were exempt from the Defendant's vaccine mandate); Smucker stated that legally protected religious and medical exemptions would be granted.

13. As there were no COVID-19 vaccines that did not involve aborted fetal cell lines, Ruegg submitted a request for religious exemption from the vaccine mandate on October 8, 2021. A true and accurate copy of which is attached hereto as **Exhibit 2**.

14. Ruegg had discussed possible accommodations with Mark Smucker and had offered several alternatives that would lessen the spread of COVID-19 including wearing a mask, submitting to weekly testing, and socially distancing (considering Ruegg worked in a voluminous airplane hanger with only a few other employees his position was naturally socially distant from others).

15. Ruegg also voluntarily produced evidence of a positive antibody test in late September 2021 as evidence that he already had antibodies present providing the same effect as a vaccine's antibody response.

16. On October 27, 2021, Ruegg was interviewed be Defendant and asked about his previous medical history. Ruegg responded that he had received all of his childhood vaccines and had not previously refused any medications on religious grounds. No inquiry was made into whether Ruegg was aware of any other vaccines or medicines having been derived from fetal cell lines, or whether Ruegg had ever knowingly taken any such medications or vaccines.

17. On November 12, 2021, Ruegg was verbally informed that his exemption was denied and put on leave.

18. On November 16, 2021, Ruegg received written notice of the denial of his exemption request and was informed that he would be terminated if not vaccinated by December 15, 2021. A true and accurate copy of the Denial of Exemption and Accommodation Request is attached hereto as **Exhibit 3**.

19. Smucker declined to offer any accommodation and offered no evidence that an accommodation would present an undue hardship.

20. Because of his religious convictions, Ruegg declined to be vaccinated.

21. On December 16, 2021, Smucker terminated Ruegg's employment.

22. Ruegg timely filed a complaint with the Equal Employment Opportunity Commission and was issued a Right-to-Sue letter on October 14, 2021.

### COUNT ONE – VIOLATION OF TITLE VII

23. Title VII prohibits Defendant from discriminating against employees based on religion, including "aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's . . .religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(U).

24. Smucker has a statutory obligation to make accommodations for the religious observances of its employees.

25. Ruegg has a sincerely held religious belief that prevented him from receiving a COVID-19 vaccine.

26. Ruegg engaged in a protected activity when he requested a religious accommodation and exemption from Smucker's vaccine mandate.

27. Smucker's refusal to even attempt to accommodate Ruegg after it feigned to consider his request for a religious exemption, discriminated against him due to his sincerely held religious beliefs by foregoing any meaningful dialogue to actually consider his religious convictions.

28. Ruegg's "interview" after his requested exemption was more of an interrogation which did not seek to determine whether Plaintiff's actions in the past were consistent with his religious beliefs.

29. Defendant's representatives made no mention of possible accommodations nor explored possible accommodation options; and when Ruegg had previously raised the issue of possible reasonable accommodations, Mark Smucker summarily dismissed the accommodation requests made by Plaintiff.

30. By failing to engage in any meaningful interactive process or offer any reasonable accommodations, Smucker's discriminatory actions were intentional and/or reckless and in violation of Title VII.

31. Defendant's actions impermissibly burden Plaintiff's sincerely held religious beliefs, compel him to abandon his beliefs or violate them under coercion, and force Plaintiff to choose between his religious convictions and his continued employment.

32. Plaintiff's religious beliefs and protected activity were the causes of Smucker's adverse employment action.

33. As a proximate result of Smucker's wrongful actions in violation of Title VII, Plaintiff has suffered the loss of wages and benefits, emotional distress and other damages in an amount to be determined at trial.

### COUNT TWO – VIOLATIONS OF ORC 4112.02

34. Pursuant to ORC 4112.02, it is unlawful for any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

35. Plaintiff falls within a protected class because he has a bona fide sincerely held religious belief that conflicted with Defendant's vaccine mandate.

36. Plaintiff, through his submission of an exemption/accommodation request, informed Smucker of his sincerely held religious belief and the fact that Smucker's vaccine requirement created a conflict with his religious belief.

37. Plaintiff could perform all essential functions of his position with reasonable accommodations (wearing masks, socially distancing, etc.).

38. Defendant made no effort to accommodate Ruegg's sincerely held religious beliefs.

39. The arbitrary denial of Plaintiff's requested exemption/accommodation has deprived Ruegg of equal employment opportunities and otherwise discriminated against him because of his religious beliefs.

40. As a proximate result of Smucker's violation of ORC 4112.02, Plaintiff has suffered the loss of wages and benefits, emotional distress and other damages in an amount to be determined at trial.

WHEREFORE, Andy Ruegg demands entry of judgment against Defendant, The J.M. Smucker Company, awarding:

a) Compensatory damages, including back pay and loss of benefits, prejudgment and post-judgment interest, in an amount to be determined at trial;

b) Punitive damages;

c) Attorneys' fees and costs of suit; and

d) Such other relief as the Court may deem proper and just.

Respectfully submitted,

LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA


*/s/ Faith R. Dylewski*
Robert E. Soles, Jr.  (#0046707)
Faith R. Dylewski (#0074985)
6545 Market Ave. N.
North Canton, Ohio 44721
Telephone: (330) 244-8000
Telefax: (330) 244-8001
E-mail:  bsoles@soleslaw.com
fdylewski@soleslaw.com
Counsel for Plaintiff


**JURY DEMAND**

Plaintiff demands trial by jury on all issues of the within causes by the maximum number allowable.

*/s/ Faith R. Dylewski*
Counsel for Plaintiff

## **INSTRUCTIONS FOR SERVICE**

TO THE CLERK:

Please serve Defendant with Summons and Complaint at the address listed in the caption of this Complaint.

*/s/ Faith R. Dylewski*
Counsel for Plaintiff